# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MOGILEFSKY,<br>    Plaintiff,<br><br>            v.<br><br>DELTA AIR LINES, INC.,<br>    Defendant. | CV 20-1653 DSF (KSx)<br><br>Order GRANTING Motion to Remand (Dkt. No. 10) |

    Defendant Delta Air Lines, Inc. removed this case on the basis of federal question jurisdiction. Plaintiff has moved to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 13, 2020 is removed from the Court's calendar.

    The complaint does not state a federal question on its face. The two claims are for breach of contract and violation of the California Unruh Act. In response to the motion to remand, Defendant claims that the contract claim is governed by federal common law. Defendant makes virtually no attempt to demonstrate that its assertion is correct. Defendant discusses the general federal role in aviation regulation and cites, without discussion, Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190 (9th Cir. 1999). Read-Rite holds that federal common law applies to waybills for carriage of goods by air. That is not the subject of this action. It is not the case that all contract claims regarding passenger air service are subject to federal common law or preempted by federal law. See American Airlines, Inc. v. Wolens, 513 U.S. 219, 228-33 (1995) ("Nor is it plausible that Congress meant to channel into federal courts the business of resolving, pursuant to

judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services."). The complaint does mention several federal regulations, but the contract claim does not appear to be based on them,[1] and even if it were, there is no argument in Defendant's opposition that such references transform a state law claim into a federal one.

In the absence of any meaningful argument as to why federal common law should apply to Plaintiff's contract claim, the Court is not persuaded that there is federal question jurisdiction. The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of San Luis Obispo.

IT IS SO ORDERED.

Date: March 27, 2020

Dale S. Fischer
United States District Judge

---

[1] The complaint seems to allege that the parties entered into a contract and, afterwards, Defendant attempted to impose further conditions that were not required (or even allowed) by federal aviation regulations. See Compl. At 2-3.